**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMES EDWARDS,
                Plaintiff,

    v.                                             No. 05-CV-887
                                                      (LEK/DRH)
TIMOTHY COWIN,
                Defendant.

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

On July 15, 2005, plaintiff pro se James Edwards ("Edwards") commenced this action with a complaint which listed as his address Post Office Box 143, Jamesville, New York 13078. Compl. (Docket No. 1) at 1. [1] In his complaint, Edwards alleges that defendant denied him access to the courts in various ways in violation of his First Amendment right and seeks relief under 42 U.S.C. § 1983. Compl. Edwards has never notified the Court of any change in his address and all mail sent to him since the inception of this case has been returned marked undelivered. See Docket Nos. 5, 6, 11, 12.

Edwards' failure to advise the court of the change of his address indicates that Edwards has abandoned this action. "Litigants have a continuing obligation to keep the court informed of any change of address that may occur during the pendency of an action." Michaud v. Williams, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999); see also N.D.N.Y.L.R. 10.1(b)(2); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y.1998)

---

[1] This is the mailing address for inmates at the Onondaga County Penitentiary. Defendant Timothy Cowin is the Commissioner of the Onondaga County Department of Correction which operates the facility. See Onondaga County Dep't of Correction Home Page, <http://www.ongov.net/Correction/home.html> (visited June 12, 2007).

(Pooler, J.). Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for the failure to prosecute the action. See Williams v. Faulkner, No. 95-CV-741 (RSP/DS), 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J.). Consequently, Edwards' failure to notify the Court of the change in his address for a period of nearly two years has made it impossible to proceed with this action and is grounds for dismissal. See Fenza, 177 F.R.D. at 127.

WHEREFORE, it is hereby

**RECOMMENDED** that this action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT ON OR BEFORE JULY 2, 2007** (this constitutes an extension of the normal ten day period) **WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health & Human Servs. 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 12, 2007
      Albany, New York

_David R. Homer_
United States Magistrate Judge